# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  54341-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DARRELL PARNEL BERRIAN, | |
| Appellant. | |

SUTTON, J. — Darrell P. Berrian appeals his sentence of 135 months for first degree assault with a consecutive 48-month deadly weapon sentencing enhancement.  Berrian argues that his counsel performed deficiently by not arguing that his deadly weapon sentencing enhancement in this case should run concurrently with his other sentences from a prior conviction for first degree attempted robbery and first degree unlawful possession of a firearm.  He claims that his counsel should have asked the court to impose an exceptional downward sentence to run the deadly weapon enhancement concurrently to his other sentences.

We disagree with Berrian's argument that he received ineffective assistance of counsel and we affirm his 135-month sentence followed by a mandatory 48-month deadly weapon sentencing enhancement.

FACTS

After a jury trial in September 2014, Berrian was found guilty of first degree assault while he was armed with a deadly weapon. *In re Pers. Restraint of Berrian*, No. 53044-9-II (Wash. Ct. App. July 30, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2053044-9-II%20Unpublished%20Opinion.pdf (*PRP of Berrian*).[1] The court sentenced Berrian to the midpoint of his standard range and added a 48-month deadly weapon sentence enhancement to be served consecutively. *PRP of Berrian*, slip op. at 1. Berrian had previously been convicted of first degree attempted robbery and first degree unlawful possession of a firearm in a separate case. *State v. Berrian*, No. 36652-9-III (Wash. Ct. App. July 11, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/366529_unp.pdf.

Following a successful personal restraint petition, he was resentenced on the first degree assault with a deadly weapon conviction in 2018 and his revised standard sentence range was 129 to 171 months, plus the 48-month consecutive deadly weapon sentencing enhancement. *PRP of Berrian*, slip op. at 1. The sentencing court imposed a base sentence of 150 months and added the 48-month consecutive sentencing enhancement, resulting in a total sentence of 198 months. *PRP of Berrian*, slip op. at 2.

Berrian filed another personal restraint petition in which he argued "that *State v. Brown*, [139 Wn.2d 20, 29, 983 P.2d 608 (1999)], which held that deadly weapon sentencing enhancements are mandatorily consecutive to a defendant's base sentence, is incorrect, harmful, and the legal underpinnings for that case have changed." *PRP of Berrian*, slip op. at 2. Berrian

---

[1] Unless otherwise indicated, the facts are derived from *PRP of Berrian*.

further argued that "*Brown* [was] inconsistent with the Sentencing Reform Act of 1981, ch. 9.94A RCW," and that "*State v. McFarland*, 189 Wn.2d 47, 52. 399 P.3d 1106 (2017), undermined *Brown*." *PRP of Berrian*, slip op. at 3. We denied Berrian's petition because (1) this court cannot abandon or overturn a Supreme Court decision and (2) Berrian did not ask for an exceptional downward sentence at his resentencing. *PRP of Berrian*, slip op. at 3.

In addition to his second personal restraint petition, Berrian filed a direct appeal of his 198-month sentence. In that appeal, Berrian argued that the sentencing court abused its discretion when it applied the presumption that his conviction should run consecutively with the attempted robbery and unlawful possession of a firearm conviction. *State v. Berrian*, No. 36652-9-III, slip op. at 1. The State conceded and Division III of this court accepted the State's concession and remanded to the sentencing court with the directive that the sentencing court should instead "apply a presumption that Berrian's sentence should run concurrent to the other sentence." *State v. Berrian*, No. 36652-9-III, slip op. at 1.

At resentencing, the sentencing court applied the presumption as instructed, but also acknowledged that it had complete discretion in sentencing notwithstanding the mandate from the appellate court. Berrian's counsel presented the sentencing court with a statutory interpretation that would allow the court to overcome the presumption for concurrent sentencing only if there was a basis for an upward exceptional sentence. Berrian's counsel asked the court to consider Berrian's having earned the equivalency of a high school diploma while incarcerated along with a number of certificates of achievement.

Based on Berrian's self-improvements, the sentencing court ultimately reduced Berrian's sentence from 150 months to 135 months in addition to the consecutive 48-month deadly weapon sentencing enhancement for a total sentence of 183 months. Berrian appeals this sentence.

ANALYSIS

I. STANDARD OF REVIEW

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to effective assistance of counsel. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). We review ineffective assistance of counsel claims de novo. *Estes*, 188 Wn.2d at 457.

To prevail on an ineffective assistance claim, the defendant must show both that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced him or her. *Estes*, 188 Wn.2d at 457-58. If either prong of the test is not met, the defendant's ineffective assistance of counsel claim fails and the inquiry ends. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Estes*, 188 Wn.2d at 458. Prejudice exists if there is a reasonable probability that, except for counsel's error, the result of the proceeding would have been different. *Estes*, 188 Wn.2d at 458. It is not enough that ineffective assistance conceivably impacted the case's outcome; the defendant must affirmatively show prejudice. *Estes*, 188 Wn.2d at 458.

Our analysis begins with a strong presumption that defense counsel's performance was reasonable. *Estes*, 188 Wn.2d at 458. To rebut the strong presumption that counsel's performance was effective, "the defendant bears the burden of establishing the absence of any 'conceivable

legitimate tactic explaining counsel's performance.'" *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011) (emphasis omitted) (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Berrian argues that he received ineffective assistance of counsel because his counsel did not argue below that his deadly weapon enhancement should run concurrently with his prior sentences for first degree attempted robbery and first degree unlawful possession of a firearm, relying heavily on *State v. McFarland,* 189 Wn.2d 47, 55, 399 P.3d 1106 (2017). We disagree.

Under RCW 9.94A.533(4)(e):

> Notwithstanding any other provision of law, *all deadly weapon enhancements* under this section are mandatory, shall be served in total confinement, and shall run *consecutively* to all other sentencing provisions, including other firearm or deadly weapon enhancements, for all offenses sentenced under this chapter.

(Emphasis added.)

Our Supreme Court held in *McFarland* that sentencing courts have the discretion to impose an exceptional sentence for sentences to be run consecutively under RCW 9.94A.589(1)(c). 189 Wn.2d at 52-53. RCW 9.94A.589(1)(c) requires a consecutive sentence "for each firearm unlawfully possessed" in addition to a few other firearm related convictions. Here, the sentencing enhancement is a deadly weapon enhancement not a firearm enhancement, and *McFarland* addresses convictions, not enhancements. We disagree with Berrian that *McFarland* applies.

Instead, RCW 9.94A.533(4)(e) applies and states that all deadly weapon enhancements "shall run consecutively to all other sentencing provisions." Under this statute, the deadly weapon enhancement runs consecutively to the prior sentence for first degree attempted robbery and

possession of an unlawful firearm. Counsel has "no duty to pursue strategies that reasonably appear unlikely to succeed." *Brown*, 159 Wn. App. at 371. Because it is extremely unlikely the sentencing court would have deviated from the requirements of RCW 9.94A.533(4)(e), it is unlikely that any argument by counsel applying *McFarland* and requesting an exceptional downward sentence would have succeeded. Because the argument likely would not have succeeded, Berrian cannot demonstrate that counsel was deficient, and thus, his ineffective assistance claim fails. Because Berrian fails to demonstrate that his counsel performed deficiently, our inquiry ends here and we do not address prejudice.

CONCLUSION

We hold that Berrian's counsel did not perform deficiently and his claim of ineffective assistance of counsel fails. We affirm Berrian's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

GLASGOW, A.C.J.

VELJACIC, J.

6